■ TONI WOLF, Respondent, v DAVID WOLF, Appellant.—Order, Supreme Court, New York County (Jacqueline W. Silbermann, J.), entered March 30, 1989, insofar as it granted respondent's motion for counsel fees in the sum of $22,450, unanimously affirmed, without costs.

The plaintiff-respondent wife had previously been awarded $20,000 in pendente lite counsel fees. That award was vacated by this court upon a prior appeal for failure by plaintiff to adequately substantiate her claim of need for so large an award at the early stage of the litigation (Wolf v Wolf, 146 AD2d 527). That vacatur expressly allowed plaintiff to make

further application when the need arose, which award might be granted upon a showing of the requisite information to substantiate the award.

Respondent thereafter sought $60,250 in counsel fees incurred and to be incurred, supporting the application with a copy of her retainer agreement, an affidavit detailing her financial situation, and an affirmation of counsel with time charges substantiating an outstanding balance. The court awarded her pendente lite counsel fees of $22,450. The husband appeals, contending there was a failure to demonstrate need. We disagree.

Domestic Relations Law § 237 authorizes an award of interim counsel fees to enable the other spouse to carry on or defend the action, having regard to the circumstances of the case and of the respective parties *(DeCabrera v Cabrera-Rosete,* 70 NY2d 879)*.* Here, plaintiff sufficiently set forth her financial need and counsel demonstrated costs already incurred. Further, such award is necessary to provide a rough equality in the resources available to each party in the course of the contest *(Hinden v Hinden,* 122 Misc 2d 552, 555). Since defendant has not disclosed his own fee arrangements, it may be presumed his obligations and payments are equal to or greater than those of plaintiff *(supra,* at 558-559). Concur—Murphy, P. J., Milonas, Rosenberger, Asch and Rubin, JJ.