■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD JOHNSON, Appellant.—Judgment of the Supreme Court, New York County (Gold, J.), rendered March 8, 1989, convicting defendant, after a jury trial, of two counts of robbery in the second degree and sentencing him to concurrent terms of 4 to 12 years, unanimously affirmed.

With respect to the court's *Sandoval* ruling, we note defendant's very extensive criminal history for theft-related crimes. The prosecutor was permitted to inquire into only 10 convictions for petit larceny, and was precluded from going into the underlying facts. By failing to object to the ruling, defendant has waived the claim for review as a matter of law. If we were to review in the interest of justice, we would find the claim to be meritless. Finally, defendant also has waived review of any challenge to the court's charge on reasonable doubt, which argument, in any event, we find to be without merit. Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.

■ S. STALEY TREGELLAS, Appellant, v ANNE TREGELLAS, Respondent.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered June 5, 1990, granting temporary maintenance in the amount of $2,000 per month and interim counsel fees of $10,000, unanimously affirmed, without costs.

The prenuptial agreement waiving any right to maintenance does not bar temporary relief prior to dissolution of the marriage. Defendant is entitled to be maintained at the standard to which she has become accustomed during the course of the marriage (Domestic Relations Law § 236 [B] [6] [a] ). If either party is aggrieved the best remedy is a speedy trial *(Sayer v Sayer,* 130 AD2d 407).

With regard to interim counsel fees, indigency is not a prerequisite for such a discretionary award; rather, the court must be guided by the financial circumstances of the parties, as well as the relative merits of their positions in the case *(DeCabrera v Cabrera-Rosete,* 70 NY2d 879). The defendant should not have to deplete her assets in order to have legal representation comparable to that of plaintiff *(Wolf v Wolf,* 160 AD2d 555, 556). Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.