■ Susan Katz, Appellant, v Paul Katz, Respondent. [830 NYS2d 268]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Stack, J.), dated March 17, 2005, as (1) granted the defendant's motion for summary judgment dismissing her fourth cause of action for rescission of the parties' prenuptial agreement dated November 19, 1997, for summary judgment declaring the prenuptial agreement to be valid, enforceable, and dispositive on the issues of spousal support and equitable distribution, for summary judgment dismissing so much of her third cause of action as sought spousal support pursuant to Family Court Act § 412, and for summary judgment dismissing so much of her second cause of action as sought a judgment for spousal support necessaries, (2) denied her cross motion for leave to serve an amended verified complaint, and (3) granted that branch of the defendant's motion which was to enjoin and restrain her from conducting discovery to the extent of limiting her to discovery of the defendant's pre-tax income for the tax years 2003, 2004, and 2005.

Ordered that the order is affirmed insofar as appealed from, with costs.

On November 19, 1997, the parties executed a prenuptial agreement, which governed property distribution, spousal maintenance, and their financial relationship in the event of divorce, separation, or death. The parties married on December 13, 1997. In July 2004, the wife commenced the instant action, seeking, inter alia, a divorce, spousal support necessaries, spousal support pursuant to Family Court Act § 412, and rescission of the prenuptial agreement. Upon his motion for summary judgment, the husband made a prima facie showing that the fourth cause of action, seeking rescission of the parties' prenuptial agreement, was time-barred by the six-year statute of limitations (*see* CPLR 213 [1]; *DeMille v DeMille*, 5 AD3d 428, 429 [2004]; *Anonymous v Anonymous*, 233 AD2d 350, 351 [1996]). The husband also made a prima facie showing that the agreement was valid, enforceable, and dispositive as to equitable distribution and spousal support, thereby requiring dismissal of so much of the second and third causes of action as sought spousal support pursuant to Family Court Act § 412 and reimbursement for

spousal support necessaries (*see Rubin v Rubin,* 33 AD3d 983, 984 [2006]; *cf. Kerr v Kerr,* 8 AD3d 626 [2004]). In opposition, the wife failed to raise a triable issue of fact (*see Rubin v Rubin, supra; DeMille v DeMille, supra; Pacchiana v Pacchiana,* 94 AD2d 721 [1983]; *but see Bloomfield v Bloomfield,* 281 AD2d 301, 304 [2001], *revd on other grounds* 97 NY2d 188 [2001]).

Further, the court providently exercised its discretion in denying the wife's cross motion for leave to serve an amended verified complaint. The amendment failed to cure omission of an allegation as to causation and would not have revived the untimely fourth cause of action (*see* CPLR 3025 [b]; *Ruddock v Boland Rentals,* 5 AD3d 368, 370 [2004]; *Ruffing v Union Carbide Corp.,* 1 AD3d 339, 341 [2003]; *cf. AYW Networks v Teleport Communications Group,* 309 AD2d 724, 725 [2003]; *Leszczynski v Kelly & McGlynn,* 281 AD2d 519, 520-521 [2001]; *Mishalove v Goldfarb,* 260 AD2d 219 [1999]).

Finally, under the circumstances, the court's decision to limit disclosure of the husband's financial circumstances to his pretax income for the tax years 2003, 2004, and 2005, was a provident exercise of its discretion (*see Matter of Brim v Combs,* 25 AD3d 691, 693 [2006]; *Anonymous v Anonymous,* 258 AD2d 546, 547 [1999]; *Garguilio v Garguilio,* 168 AD2d 666, 667 [1990]). Crane, J.P., Rivera, Goldstein and McCarthy, JJ., concur.