■ ELIZABETH CIOFFI-PETRAKIS, Appellant, v PANAGIOTIS PETRAKIS, Respondent. [898 NYS2d 861]—

In an action, inter alia, to set aside a prenuptial agreement, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Falanga, J.), dated August 1, 2008, as granted those branches of the defendant's motion which were for summary judgment dismissing the second, third, and sixth causes of action, and stated portions of the eighth and tenth causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

An agreement between spouses or prospective spouses which is fair on its face will be enforced according to its terms unless there is proof of fraud, duress, overreaching, or unconscionability (*see Christian v Christian*, 42 NY2d 63, 72-73 [1977]; *Label v Label*, 70 AD3d 898 [2010]). "An unconscionable bargain is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and

manifest as to shock the conscience and confound the judgment of any person of common sense" (*Morad v Morad*, 27 AD3d 626, 627 [2006]; *see Christian v Christian*, 42 NY2d at 71). An agreement, however, will not be overturned " 'merely because, in retrospect, some of its provisions were improvident or one-sided' " (*Label v Label*, 70 AD3d at 899, quoting *O'Lear v O'Lear*, 235 AD2d 466 [1997]), and simply alleging an unequal division of assets is not sufficient to establish unconscionability (*see Cosh v Cosh*, 45 AD3d 798, 799 [2007]).

Here, the record demonstrates that the plaintiff was represented by independent counsel during negotiations involving the parties' prenuptial agreement, that she signed the agreement, and that her counsel signed the agreement as a witness. Moreover, the agreement itself recites that the wife entered into it "freely, voluntarily and with full knowledge of all circumstances having a bearing on this agreement." Although the plaintiff would receive, in the event of a divorce, equitable distribution of the marital assets in an amount no greater than the sum of $25,000 per year for each full year the parties had been married, she was provided with meaningful bargained-for benefits, including a one-third interest in one of the defendant's businesses. In opposition to the defendant's prima facie showing of his entitlement to judgment as a matter of law, the plaintiff advanced nothing but conclusory and unsubstantiated assertions insufficient to defeat a motion for summary judgment (*see Piccone v Chamberlain*, 271 AD2d 667 [2000]; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 326 [1986]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the sixth cause of action to set aside the parties' prenuptial agreement on the ground of unconscionability (*see Schultz v Schultz*, 58 AD3d 616, 617 [2009]; *Valente v Valente*, 269 AD2d 389, 390 [2000]).

The plaintiff's remaining contentions are without merit (*see Weinstein v Weinstein*, 36 AD3d 797, 799 [2007]; *Piccone v Chamberlain*, 271 AD2d at 667; *Yedvarb v Yedvarb*, 237 AD2d 433, 434 [1997]; *Panossian v Panossian*, 172 AD2d 811 [1991]). Rivera, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.