■ LEAH VINIK, Respondent, v STEVEN LEE, Appellant. [947 NYS2d 424]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered July 27, 2011, which, to the extent appealed from as limited by the briefs, upon plaintiff's motion for pendente lite relief, ordered defendant to pay $6,000 per month in unallocated interim support, and awarded plaintiff $25,000 in counsel fees, and order, same court and Justice, entered on or about November 16, 2011, which, to the extent appealed from as limited by the briefs, denied defendant's motion to renew plaintiff's motion, and awarded plaintiff an additional $25,000 in counsel fees, unanimously affirmed, with costs.

While the parties' premarital agreement limits their rights to obtain spousal support and waives their rights to counsel fees,

"it does not bar temporary relief, including temporary maintenance [and] interim counsel fees" (*Solomon v Solomon*, 224 AD2d 331, 331 [1996]; *see also Tregellas v Tregellas*, 169 AD2d 553 [1991]). "The best remedy for any perceived inequities [in the amount of the pendente lite award] is a prompt trial" (*Anonymous v Anonymous*, 241 AD2d 353 [1997]).

Since the parties' agreements do not address custody and child support, the waiver of counsel fees does not apply to counsel fees related to litigating child custody and support issues (*see Kessler v Kessler*, 33 AD3d 42, 45 [2006], *lv dismissed* 8 NY3d 968 [2007]; *Alvares-Correa v Alvares-Correa*, 285 AD2d 123, 128 [2001], *lv denied* 97 NY2d 608 [2002]). If Illinois law, which governs the parties' agreement, were applied, the result would be the same. Illinois courts have held that a ban on a counsel fee award in a premarital agreement is not enforceable as to child-related issues because it violates public policy (*see In re Marriage of Best*, 387 Ill App 3d 948, 901 NE2d 967 [2009], *lv denied* 232 Ill 2d 577, 910 NE2d 1126 [2009]). Illinois law also permits an interim counsel fee award where the parties have waived counsel fees in an agreement (*see In re Marriage of Rosenbaum-Golden and Golden*, 381 Ill App 3d 65, 74, 884 NE2d 1272, 1281 [2008], *lv denied* 229 Ill 2d 659, 897 NE2d 263 [2008]).

The award of counsel fees to plaintiff was based on a proper consideration of "the financial circumstances of both parties together with all the other circumstances of the case" (*see DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881-882 [1987]; Domestic Relations Law § 237). Further, the court properly considered the fees necessitated by defendant's litigation tactics to ensure that the litigation was not "shaped . . . by the power of the bankroll" (*see O'Shea v O'Shea*, 93 NY2d 187, 192 [1999]).

Defendant's motion to renew plaintiff's motion for pendente lite relief, which was premised on his fear that he could lose his job, offered no new facts that had not been offered on the original motion (CPLR 2221 [e]). Although defendant claimed in his reply that he had been terminated from his employment, he provided no objective proof thereof. Defendant's remedy is to move to modify the support award based on the alleged change of circumstances.

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Moskowitz, Renwick and Abdus-Salaam, JJ.