■ ROY W. LENNOX, Appellant, v JOAN E. WEBERMAN, Respondent. [974 NYS2d 3]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered March 30, 2012, which, to the extent appealed from, upon plaintiff's motion for reargument and renewal, adhered to a prior order, entered February 10, 2012, granting defendant's motion for pendente lite relief to the extent of awarding her tax-free maintenance in the amount of $38,000 per month, directing plaintiff to pay, inter alia, defendant's unreimbursed medical expenses up to $2,000 per month, interim counsel fees of $50,000, and expert fees of $35,000, and holding plaintiff's cross motion for summary judgment and for counsel fees in abeyance, unanimously modified, on the facts, to provide that one half of the aforesaid pendente lite relief shall be treated as an advance on the 50% of the parties' joint funds (as defined in the parties' prenuptial agreement) to which defendant is entitled pursuant to the prenuptial agreement, and otherwise affirmed, without costs. Appeal from the February 10, 2012 order, unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.

We find that the court properly applied the formula set forth in Domestic Relations Law § 236 (B) (5-a) (c) (2) (a) (*see Khaira v Khaira*, 93 AD3d 194 [1st Dept 2012]) in calculating defendant's temporary spousal maintenance award. Specifically, the court listed all 19 of the enumerated factors, explained how seven of them supported an upward deviation to $38,000 per month from the $12,500 a month in guideline support, and found that $38,000 per month was not "unjust or inappropriate."

We further find that the court properly imputed an annual income to plaintiff of $2.29 million when it computed maintenance, since this was his income on the most recent tax return. A court need not rely upon the party's own account of his or

her finances, but may impute income based upon the party's past income or demonstrated earning potential (*see Hickland v Hickland*, 39 NY2d 1 [1976], *cert denied* 429 US 941 [1976]). The court properly took into account plaintiff's income from his investments, voluntarily deferred compensation, and substantial distributions (*see* Domestic Relations Law §§ 236 [B] [5-a] [b] [4]; 240 [1-b] [b] [5] [i], [iv]), which was $50.5 million the previous year.

We reject plaintiff's argument that defendant waived temporary maintenance in the parties' prenuptial agreement. Notwithstanding that defendant waived any claim to a final award of alimony or maintenance in the prenuptial agreement, the court was entitled, in its discretion, to award pendente lite relief in the absence of an express agreement to exclude an award of temporary maintenance (*see Tregellas v Tregellas*, 169 AD2d 553 [1st Dept 1991]; *see also Vinik v Lee*, 96 AD3d 522 [1st Dept 2012]). Under the circumstances of this case, however, we deem it appropriate to charge one half of the interim awards against the one-half share of the marital property to which defendant is entitled under the prenuptial agreement. In so doing, we find it significant that the parties provided in the agreement that each waived any right to the separate property of the other, that living expenses were to be paid out of the marital property, and, as previously noted, that the marital property would be equally divided in the event of divorce. We also find it significant that, here, the equal division of the marital property to which the parties agreed will leave each of them with substantial wealth.

Domestic Relations Law § 237 (a) authorizes the court in its discretion to direct either spouse to pay counsel fees to the other spouse "to enable the other [spouse] to carry on or defend the action or proceeding" (*see also Charpié v Charpié*, 271 AD2d 169, 172 [1st Dept 2000]). The court's award of interim counsel fees of $50,000 and expert fees of $35,000 was warranted under the circumstances where the parties' assets appear to be anywhere from $77 million to $90 million. In any event, the amounts awarded were significantly less than the $200,000 and $75,000 amounts defendant requested for interim counsel and expert fees, respectively. While there are some funds in defendant's possession, plaintiff is in a far better financial position than defendant (see *Prichep v Prichep*, 52 AD3d 61, 66 [2d Dept 2008]), and defendant should not have to deplete her assets in order to have legal representation comparable to that of plaintiff (*see Wolf v Wolf*, 160 AD2d 555, 556 [1st Dept 1990]).

We have considered plaintiff's remaining contentions and find

them unavailing. Concur—Friedman, J.P., Sweeny, Renwick and DeGrasse, JJ.

The decision and order of this Court entered herein on February 26, 2013 (103 AD3d 550 [2013]) is hereby recalled and vacated (*see* 2013 NY Slip Op 84121[U] [2013] [decided simultaneously herewith]).