*850 In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Reilly, J.), dated May 23, 2012, as granted those branches of the defendant’s motion which were for an award of pendente lite relief to the extent of directing him to pay (a) child support in the sum of $4,250 per month, (b) temporary maintenance in the sum of $1,000 per month, (c) interim counsel fees in the sum of $15,000, (d) 100% of the cost of a forensic evaluation of the parties’ child, and (e) 100% of the fee of an attorney for the parties’ child.
Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof granting that branch of the defendant’s motion which was for an award of pendente lite relief directing the plaintiff to pay temporary maintenance in the sum of $1,000 per month, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 2004 and have one child, who was born in 2006. This divorce action was commenced in 2009. On appeal, the plaintiff, relying largely on a prenuptial agreement entered into by the parties, challenges certain pendente lite relief awarded to the defendant by the Supreme Court.
“As with all contracts, prenuptial agreements are construed in accord with the parties’ intent, which is generally gleaned from what is expressed in their writing” (Van Kipnis v Van Kipnis, 11 NY3d 573, 577 [2008]). “Where a prenuptial agreement is clear and unambiguous on its face, the intent of the parties is gleaned from the four corners of the writing as a whole with a practical interpretation of the language employed so that the parties’ reasonable expectations are met” (Katsaros v Katsaros, 80 AD3d 666, 667 [2011]; see W.W.W. Assoc, v Giancontieri, 77 NY2d 157, 162 [1990]).
Contrary to the plaintiffs contention, the parties’ prenuptial agreement did not expressly preclude an award of temporary maintenance pendente lite, nor did the defendant expressly waive such an award under the terms of the agreement (see Vinik v Lee, 96 AD3d 522, 522-523 [2012]; Solomon v Solomon, 224 AD2d 331 [1996]; see also Bloomfield v Bloomfield, 97 NY2d 188, 193 [2001]; cf. DelDuca v DelDuca, 304 AD2d 610 [2003]). However, pendente lite awards should be an accommodation between the reasonable needs of the moving spouse and the financial ability of the paying spouse (see Finnan v Finnan, 95 *851 AD3d 821, 822 [2012]; Levy v Levy, 72 AD3d 651, 652 [2010]). Here, it is undisputed that, pursuant to certain provisions of the prenuptial agreement, the plaintiff made a lump sum payment of $172,215 to the defendant and continues to make payments to her in the amount of $7,175 per month. On the record presented, including evidence of the defendant’s expenses, the defendant’s reasonable needs were more than adequately met. Accordingly, under the circumstances of this case, the Supreme Court improvidently exercised its discretion in directing the plaintiff to pay temporary maintenance in the sum of $1,000 per month (see Renga v Renga, 86 AD3d 634, 635 [2011]; Silver v Silver, 46 AD3d 667, 668 [2007]; Samu v Samu, 243 AD2d 458 [1997]).
However, the Supreme Court properly awarded the defendant interim counsel fees, notwithstanding a provision in the prenuptial agreement limiting, to the sum of $10,000, the plaintiffs obligation to pay such fees incurred by the defendant in any divorce action. Because of a strong public policy favoring the resolution of matrimonial matters on a level playing field (see Kessler v Kessler, 33 AD3d 42, 47 [2006]; see also Prichep v Prichep, 52 AD3d 61, 65 [2008]), the determination of whether to enforce an agreement waiving the right of either spouse to seek an award of an attorney’s fee is to be made “on a case-by-case basis after weighing the competing public policy interests in light of all relevant facts and circumstances both at the time the agreement was entered and at the time it is to be enforced” (Kessler v Kessler, 33 AD3d at 48). Here, the parties are involved in extensive litigation concerning child custody, a matter not expressly addressed in their prenuptial agreement. Moreover, the plaintiff’s net worth is more than $13 million and his monthly gross income exceeds $45,000, while the defendant has no income other than what she is receiving pursuant to the agreement. Under these circumstances, the Supreme Court providently exercised its discretion in awarding the defendant $15,000 in interim counsel fees (see Vinik v Lee, 96 AD3d at 523; Witter v Daire, 81 AD3d 719 [2011]) which, contrary to the plaintiffs contention, properly included, as a component thereof, counsel fees that the defendant incurred defending against a petition for a writ of habeas corpus that the plaintiff filed during the pendency of this divorce action (see Domestic Relations Law § 237 [b]).
In light of the parties’ combined parental income, which is greatly in excess of the $136,000 statutory cap (see Domestic Relations Law § 240 [1-b]), the Supreme Court providently exercised its discretion in directing the plaintiff to pay interim *852 child support in the amount of $4,250 per month (see Heymann v Heymann, 102 AD3d 832, 834 [2013]; Matter of Freeman v Freeman, 71 AD3d 1143, 1144 [2010]). Moreover, under the circumstances of this case, the court providently exercised its discretion in directing the plaintiff to pay 100% of the costs of a court-appointed forensic evaluator and an attorney for the parties’ child (see Bluemer v Bluemer, 47 AD3d 652 [2008]). Dillon, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.