TARA WEITZNER, Respondent, v YITZCHOK WEITZNER, Appellant. [992 NYS2d 576]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Kings County (Thomas, J.), entered July 23, 2012, which, inter alia, granted those branches of the plaintiff's motion which were to direct the defendant to pay temporary maintenance in the sum of $4,604 per month, interim child support in the sum of $3,530 per month, interim counsel fees in the sum of $30,000, and his pro rata share of playgroup fees for the youngest child.

Ordered that the order is affirmed insofar as appealed from, with costs.

" 'Modifications of pendente lite awards should rarely be made by an appellate court and then only under exigent circumstances, such as where a party is unable to meet his or her financial obligations, or justice otherwise requires' " (*Malik v Malik*, 66 AD3d 968, 968 [2009], quoting *Levakis v Levakis*, 7 AD3d 678, 678 [2004]). Here, the defendant has not demonstrated that any exigent circumstances exist, or that justice otherwise requires modification of the pendente lite award. The proper mechanism to correct an error in a temporary award is a

quick trial (*see Malik v Malik*, 66 AD3d at 968; *Levakis v Levakis*, 7 AD3d at 678).

Under the circumstances of this case, the Supreme Court providently exercised its discretion in imputing income of $200,000 per year to the defendant for the purposes of computing pendente lite awards of maintenance and child support. In determining a party's maintenance or child support obligation, a court need not rely upon the party's own account of his or her finances (*see Khaimova v Mosheyev*, 57 AD3d 737 [2008]; *Peri v Peri*, 2 AD3d 425 [2003]). A court is justified in imputing income to a spouse when it is shown that the marital lifestyle was such that, under the circumstances, there was a basis for the court to conclude that the spouse's actual income and financial resources were greater than what he or she reported on his or her tax returns (*see Hoenig v Hoenig*, 245 AD2d 262, 263 [1997]; *see also Felton v Felton*, 175 AD2d 794 [1991]). The court may impute income to establish the party's support obligation (*see* Domestic Relations Law §§ 240 [1-b] [b] [5] [iv]; 236 [B] [5-a] [b] [4] [a]; *Wallach v Wallach*, 37 AD3d 707, 708 [2007]; *see also Bittner v Bittner*, 296 AD2d 516, 517 [2002]; *Wildenstein v Wildenstein*, 251 AD2d 189 [1998]). Here, the Supreme Court, in effect, found the defendant's account of his own finances was not believable, and was justified in imputing income to him that was far higher than he reported (*see Turco v Turco*, 117 AD3d 719 [2014]; *Scammacca v Scammacca*, 15 AD3d 382 [2005]; *Lilikakis v Lilikakis*, 308 AD2d 435 [2003]).

Moreover, contrary to the defendant's contention, the Supreme Court did not err in imputing income to the plaintiff equivalent to only a 10-hour work week as an accountant for the purpose of calculating maintenance and child support. The plaintiff has custody of the parties' five children, then aged 16 and under, the youngest of whom was three at the time of the court's order. In addition, the plaintiff had not worked during the parties' marriage (*see Margaret A. v Shawn B.*, 31 Misc 3d 769 [Sup Ct, Westchester County 2011]).

Contrary to the defendant's contention, the Supreme Court's award of temporary maintenance to the plaintiff in the sum of $4,604 was appropriately supported and explained, and we decline to disturb it (*see Goncalves v Goncalves*, 105 AD3d 901, 903 [2013]; *see also Khaira v Khaira*, 93 AD3d 194, 201 [2012]). Likewise, the court properly articulated its award of child support, applying the statutory child support percentage for five children and the statutory cap of $136,000 on combined parental income, and determining that there was no reason to award child support on the amount of income over $136,000. The

award was supported by the record (*see Bibas v Bibas*, 58 AD3d 586, 588 [2009]; *Matter of Taraskas v Rizzuto*, 38 AD3d 910 [2007]; *Matter of De LaFontaine v Toms*, 1 AD3d 297, 297 [2003]; *Mark-Weiner v Mark*, 1 AD3d 158, 158 [2003]).

The defendant's contention that the award of playgroup fees to the plaintiff is inconsistent with the Supreme Court's determination that the plaintiff was not entitled to childcare expenses is unavailing. The Supreme Court treated the playgroup expenses as tantamount to school expenses and found that, up until the parties' separation, the defendant had willingly paid all playgroup and pre-school fees, and had never objected to the children's continued attendance at such activities.

Finally, in light of the significant disparity in the income of the parties, the award of an interim attorney's fee to the plaintiff in the sum of $30,000 was appropriate (*see Prichep v Prichep*, 52 AD3d 61, 65 [2008]).

The defendant's remaining contentions are without merit. Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.