■ ALEXANDER MCKENNA, Respondent, v ANN MARIE MCKENNA, Appellant. [994 NYS2d 381]—

In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Reilly, J.), dated November 29, 2012, which denied her motion to vacate the parties' prenuptial agreement and for an award of pendente lite maintenance and counsel fees, and granted the plaintiff's cross motion for summary judgment declaring the parties' prenuptial agreement to be valid and enforceable.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof granting the plaintiff's cross motion for summary judgment declaring the parties' prenuptial agreement to be valid and enforceable, and substituting therefor a provision denying the cross motion, and (2) by deleting the provision thereof denying those branches of the defendant's motion which were for an award of pendente lite maintenance and counsel fees; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of the those branches of the defendant's motion which were for an award of pendente lite maintenance and counsel fees.

The parties were married on February 14, 1997. Shortly before their marriage, on February 4, 1997, they entered into a

prenuptial agreement. The agreement provided, inter alia, that, in the event of separation or divorce, each party waived the right to the other's separate property, including property acquired from the proceeds of separate property acquired during marriage; the defendant waived any interest in the marital home, which had been owned by the plaintiff before the marriage, as well as any interest in the plaintiff's annual bonus and retirement account; and the plaintiff's maintenance obligation would be limited to a lump sum payment of between $5,000 and $25,000, depending on the length of the marriage. The agreement further provided that the plaintiff would pay the defendant's reasonable counsel fees in any matrimonial action, unless the defendant challenged the agreement.

In December 2011, the plaintiff commenced this action for a divorce and ancillary relief. The defendant moved to vacate the prenuptial agreement on the basis that it was unenforceable on the ground, among others, that the plaintiff never disclosed the value of his assets, and for an award of pendente lite maintenance and counsel fees. The plaintiff cross-moved for summary judgment declaring that the prenuptial agreement was valid and enforceable. The Supreme Court denied the defendant's motion, and granted the plaintiff's cross motion.

In determining a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party (see Stukas v Streiter, 83 AD3d 18, 23 [2011]) and afford such party the benefit of every favorable inference (see Ruiz v Griffin, 71 AD3d 1112, 1115 [2010]; Franklin v 2 Guys From Long Pond, Inc., 50 AD3d 846 [2008]). A "motion for summary judgment 'should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility' " (Ruiz v Griffin, 71 AD3d at 1115, quoting Scott v Long Is. Power Auth., 294 AD2d 348, 348 [2002]).

An agreement between spouses which is fair on its face will be enforced according to its terms unless there is proof of unconscionability, or fraud, duress, overreaching, or other inequitable conduct (see Christian v Christian, 42 NY2d 63, 73 [1977]; Petracca v Petracca, 101 AD3d 695, 697-698 [2012]; Rabinovich v Shevchenko, 93 AD3d 774, 775 [2012]). "An unconscionable bargain is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense" (Morad v Morad, 27 AD3d 626, 627 [2006]; see Cioffi-Petrakis v Petrakis, 72 AD3d 868, 868-869 [2010]).

Here, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law by submitting, inter alia, the agreement, which appeared fair on its face and set forth express representations stating that, among other things, it was not a product of fraud or duress, each party had made full disclosure to the other and was represented by independent counsel, and they had fully discussed and understood its terms (*see Cioffi-Petrakis v Petrakis*, 72 AD3d at 869; *Schultz v Schultz*, 58 AD3d 616, 617 [2009]; *Katz v Katz*, 37 AD3d 544 [2007]; *Rubin v Rubin*, 33 AD3d 983, 984 [2006]).

In opposition, the defendant raised triable issues of fact with regard to, inter alia, the fairness of the agreement, the circumstances surrounding the negotiation and execution of the agreement, and the absence of any meaningful financial disclosure by the plaintiff (*see Cioffi-Petrakis v Petrakis*, 72 AD3d at 869; *Katz v Katz*, 37 AD3d at 545; *Rubin v Rubin*, 33 AD3d at 985). The record demonstrates that the defendant waived substantial rights to equitable distribution and spousal support. However, it is not possible to evaluate the fairness of the prenuptial agreement on its face, inasmuch as the plaintiff provided no financial disclosure as part of the agreement. Neither the plaintiff's disclosure made in support of his motion nor the support he provided to the defendant and her son from a prior marriage during the course of this marriage is sufficient to enable the Court to determine the fairness of the agreement at the time of its execution. Thus, notwithstanding that the agreement recited that there had been "full disclosure" and that it is "a fair Agreement" which "is not the result of any fraud, duress or undue influence," triable issues of fact exist.

In addition, the plaintiff's purported financial disclosure to the defendant during the five years the parties lived together prior to the execution of the prenuptial agreement is precluded from consideration pursuant to the merger clause in the agreement, since the representations are not included in and are extrinsic to the agreement (*see Schron v Troutman Sanders LLP*, 20 NY3d 430, 433-434 [2013]; *Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 599 [1997]).

Further, the defendant's attorney at that time was selected by the plaintiff and paid by him, and, according to the defendant, met with her only a short time before the execution of the agreement and failed to advise her of the legal consequences of the terms of agreement. Given the parties' conflicting claims as to the negotiation and execution of the prenuptial agreement, at this juncture, summary judgment in favor of either party on the issue of the validity of the prenuptial agreement is unwarranted.

Notwithstanding that the prenuptial agreement contains a waiver of maintenance and equitable distribution, there is no provision for the waiver of pendente lite maintenance during the pendency of this litigation. While the parties' premarital agreement limits the defendant's rights to obtain spousal support and waives her rights to counsel fees, it does not bar temporary relief, including pendente lite maintenance and counsel fees (*see Abramson v Gavares*, 109 AD3d 849, 850 [2013]; *Vinik v Lee*, 96 AD3d 522, 522-523 [2012]; *Solomon v Solomon*, 224 AD2d 331, 331 [1996]). In granting the plaintiff's motion for summary judgment, the Supreme Court, without explanation, improvidently denied those branches of the defendant's motion which were for pendente lite maintenance and counsel fees. Accordingly, we remit the matter to the Supreme Court, Nassau County, for a new determination of those branches of the defendant's motion. Rivera, J.P., Hall, Austin and Maltese, JJ., concur.