■ GRACIELA POSTIGLIONE, Appellant, v ROCCO POSTIGLIONE, Respondent. [3 NYS3d 115]—

In an action for a divorce and ancillary relief, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Raffaele, J.), dated March 19, 2013, which granted that branch of the defendant's motion which was for summary judgment dismissing her demands for equitable distribution as to premarital property mentioned in the parties' prenuptial agreement and for maintenance, and (2), as limited by her brief, from so much of a judgment of the same court (Purificacion, J.) entered May 12, 2014, as, upon the order, in effect, declined to award her equitable distribution as to premarital property mentioned in the parties' prenuptial agreement and maintenance.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On November 15, 1995, the parties executed a prenuptial agreement which provided, inter alia, that, in the event of separation or divorce, each party waived the right to maintenance and equitable distribution of the other's separate property, including any appreciation in its value. The parties were married on January 2, 1996. In 2008, the plaintiff commenced the instant action, seeking, inter alia, a divorce, maintenance, and equitable distribution. The defendant, arguing that the

agreement was valid and enforceable, moved for summary judgment dismissing the plaintiff's demands for maintenance and equitable distribution. The Supreme Court granted the defendant's motion to the extent that it dismissed the plaintiff's demands for equitable distribution as to the premarital property mentioned in the agreement and maintenance.

"An agreement between spouses which is fair on its face will be enforced according to its terms unless there is proof of unconscionability, or fraud, duress, overreaching, or other inequitable conduct" (*McKenna v McKenna*, 121 AD3d 864, 865 [2014]).

Here, the defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that the terms of the agreement were not unconscionable and that the agreement was not the product of fraud, duress, overreaching or other inequitable conduct. The defendant demonstrated that when the agreement was signed the plaintiff was represented by independent counsel and that he had made a full disclosure of his assets (*see id.* at 865; *Cioffi-Petrakis v Petrakis*, 72 AD3d 868, 869 [2010]; *Schultz v Schultz*, 58 AD3d 616, 617 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the plaintiff's demands for equitable distribution as to premarital property mentioned in the agreement and for maintenance. Rivera, J.P., Roman, Duffy and Barros, JJ., concur.