■ FRANK ANDERSON DAVIS, Appellant, v ORVA OMEGA DAVIS, Also Known as ORVA OMEGA ALEXANDER, Respondent. [39 NYS3d 531]—

Appeals by the plaintiff from (1) an order of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), dated September 24, 2015, (2) an order of that court dated October 20, 2015, and (3) an order of that court dated December 11, 2015. The order dated September 24, 2015, insofar as appealed from, granted that branch of the defendant's motion which was for an award of interim attorney's fees. The order dated October 20, 2015, granted that branch of the defendant's motion which was for an award of pendente lite maintenance. The order dated December 11, 2015, granted that branch of the defendant's motion which was to hold the plaintiff in contempt to the extent of directing the payment of the pendente lite maintenance.

Ordered that the order dated September 24, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that the orders dated October 20, 2015, and December 11, 2015, are affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The parties were married in 2013. Shortly before their marriage, they entered into a prenuptial agreement. The agreement provided, inter alia, that, in the event of termination of the marriage, each party waived the right to maintenance. In 2015, the plaintiff commenced this action for a divorce and ancillary relief. The defendant moved for an award of pendente lite maintenance and interim attorney's fees. The Supreme Court granted that branch of the motion which was for an award of interim attorney's fees in an order dated September 24, 2015, and granted that branch of the motion which was for an award of pendente lite maintenance in an order dated October 20, 2015. Subsequently, the defendant moved, among other things, to hold the plaintiff in contempt for failing to comply with the October 20, 2015, order. In an order dated December 11, 2015, the court granted that branch of the motion to the extent of directing the plaintiff to pay the pendente lite maintenance awarded.

Contrary to the plaintiff's contention, the parties' prenuptial agreement did not expressly preclude an award of pendente lite maintenance, nor did the defendant expressly waive such an award under the terms of the agreement, and thus, the agreement does not preclude an award of interim relief (*see McKenna v McKenna*, 121 AD3d 864, 867 [2014]; *Abramson v Gavares*, 109 AD3d 849, 850 [2013]; *Vinik v Lee*, 96 AD3d 522, 523 [2012]; *Solomon v Solomon*, 224 AD2d 331 [1996]).

Modifications of pendente lite maintenance should rarely be made by an appellate court, and then only under exigent circumstances, such as when a party is unable to meet his or her financial obligations, or when justice otherwise requires (*see Weitzner v Weitzner*, 120 AD3d 1406, 1407 [2014]; *Truglia v Truglia*, 91 AD3d 852 [2012]; *Swickle v Swickle*, 47 AD3d 704 [2008]). Any perceived inequities in pendente lite maintenance can best be remedied by a speedy trial, at which the parties' financial circumstances can be fully explored (*see Weitzner v Weitzner*, 120 AD3d at 1406-1407; *Swickle v Swickle*, 47 AD3d 704 [2008]; *Najac v Najac*, 12 AD3d 579 [2004]). Here, there is no basis to modify the pendente lite maintenance award. In computing the award of pendente lite maintenance, the Supreme Court providently exercised its discretion in imputing income to the plaintiff in the sum of $120,000 per year, and the award of pendente lite maintenance was appropriate given the disparity in the parties' income. The Supreme Court properly found that the plaintiff's account of his own finances was not believable, and was justified in imputing income to him that was far higher than he reported (*see Weitzner v Weitzner*, 120 AD3d at 1407).

The Supreme Court also did not improvidently exercise its discretion in awarding interim attorney's fees to the defendant in the sum of $5,000 (*see* Domestic Relations Law § 237 [a]; *Swickle v Swickle*, 47 AD3d 704 [2008]; *Bogannam v Bogannam*, 20 AD3d 442, 442-443 [2005]). Chambers, J.P., Dickerson, Miller and Brathwaite Nelson, JJ., concur.