■ JODI KASHMAN, Respondent-Appellant, v THOMAS KASHMAN, Appellant-Respondent. [47 NYS3d 442]—

Appeal and cross appeal from an order of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), dated March 17, 2015. The order, insofar as appealed from, denied the defendant's cross motion for summary judgment determining that the plaintiff waived the right to maintenance, equitable distribution, and attorney's fees, and for an award of an attorney's fee. The order, insofar as cross-appealed from, denied that branch of the plaintiff's motion which was for leave to renew, and, upon granting that branch of the plaintiff's motion which was for leave to reargue, adhered to so much of the determination in an order of the same court dated October 2, 2014, as denied that branch of the plaintiff's motion which was for an award of pendente lite maintenance and granted that branch of the plaintiff's motion which was for an award of pendente lite child support only to the extent of awarding her the sum of $3,000 per month.

Ordered that the order dated March 17, 2015, is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the defendant's cross motion which was for summary judgment determining that the plaintiff waived the right to maintenance, equitable distribution, and attorney's fees, and substituting therefor a provision granting that branch of the defendant's cross motion, and (2) by deleting the provision thereof, upon reargument, adhering to so much of the determination in the order dated October 2, 2014, as denied that branch of the plaintiff's motion which was for an award of pendente lite maintenance and granted that branch of her motion which was for an award of pendente lite child support only to the extent of awarding her the sum of $3,000 per month, and substituting therefor a provision, upon reargument, vacating that portion of the order dated October 2, 2014; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new determination of

those branches of the plaintiff's motion which were for an award of pendente lite maintenance and pendente lite child support in accordance herewith; and it is further,

Ordered that in the interim, the defendant shall continue to pay child support in the sum of $3,000 per month.

The parties were married in 1995 and have three children. Prior to their marriage, the parties, each with the assistance of their own counsel, entered into a prenuptial agreement, which provided, inter alia, that, in the event of termination of the marriage, each party waived the right to maintenance, equitable distribution, and attorney's fees. In 2014, the plaintiff commenced this action for a divorce and ancillary relief. Thereafter, the plaintiff moved, inter alia, for an award of pendente lite maintenance and pendente lite child support in the sum of $7,500 per month, as well as an award of interim counsel fees.

In an order dated October 2, 2014, the Supreme Court, inter alia, awarded the plaintiff the sum of $3,000 per month for pendente lite child support and the sum of $10,000 in interim counsel fees, and denied her application for an award of pendente lite maintenance. The plaintiff moved for leave to renew and reargue those branches of her motion which were for an award of pendente lite maintenance and pendente lite child support in the sum of $7,500 per month. The defendant cross-moved for summary judgment determining that the plaintiff waived the right to maintenance, equitable distribution, and an award of attorney's fees pursuant to the parties' prenuptial agreement, and sought an award of an attorney's fee. In an order dated March 17, 2015, the court denied the defendant's cross motion. In addition, the court denied that branch of the plaintiff's motion which was for leave to renew and, upon granting that branch of the motion which was for reargument, adhered to so much of the determination in the order dated October 2, 2014, as denied that branch of the plaintiff's motion which was for an award of pendente lite maintenance and granted that branch of her motion which was for an award of pendente lite child support only to the extent of awarding her the sum of $3,000 per month.

"An agreement between spouses which is fair on its face will be enforced according to its terms unless there is proof of unconscionability, or fraud, duress, overreaching, or other inequitable conduct" (*McKenna v McKenna*, 121 AD3d 864, 865 [2014]; *see Cioffi-Petrakis v Petrakis*, 72 AD3d 868, 868 [2010]). Here, the defendant made a prima face showing that the parties' prenuptial agreement was not a product of fraud or duress

(*see McKenna v McKenna*, 121 AD3d at 865), and that, pursuant to the express terms of the agreement, the parties waived their respective right to maintenance, equitable distribution, and attorney's fees in the event of termination of the marriage (*see Vendome v Vendome*, 41 AD3d 837 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the defendant's cross motion which was for summary judgment determining that the plaintiff waived the right to maintenance, equitable distribution, and an award of attorney's fees.

Although the prenuptial agreement contains a waiver of maintenance, equitable distribution, and an award of attorney's fees in the event of termination of the marriage, it does not bar temporary relief, including pendente lite maintenance and attorney's fees during the pendency of this litigation (*see Davis v Davis*, 144 AD3d 623 [2016]; *McKenna v McKenna*, 121 AD3d at 867; *Abramson v Gavares*, 109 AD3d 849, 850 [2013]). While the Supreme Court properly awarded the plaintiff interim attorney's fees, the court, without explanation, improvidently denied that branch of the plaintiff's motion which was for an award of pendente lite maintenance. Accordingly, we remit the matter to the Supreme Court, Nassau County, for a new determination of that branch of the plaintiff's motion (*see McKenna v McKenna*, 121 AD3d at 867).

In determining an award of pendente lite child support, courts may, in their discretion, apply the Child Support Standards Act (hereinafter CSSA) standards and guidelines, but they are not required to do so (*see Kaufman v Kaufman*, 131 AD3d 939, 943 [2015]; *Davydova v Sasonov*, 109 AD3d 955, 957 [2013]). "However, under some circumstances, particularly where sufficient economic data is available, an award of temporary child support that deviates from the level that would result if the provisions of the CSSA were applied may constitute an improvident exercise of discretion, absent the existence of an adequate reason for the deviation" (*Davydova v Sasonov*, 109 AD3d at 957). Here, the court failed to provide any explanation as to how it determined the amount of the award of pendente lite child support. Under the circumstances of this case, the matter must be remitted to the Supreme Court, Nassau County, for a calculation of the defendant's pendente lite child support obligation and a new determination of that branch of the plaintiff's motion which was for pendente lite child support. Should the court determine not to apply the CSSA in calculating the new award, the determination shall include an explanation as to why the court declined to do so

and the basis for the new award (*see Kaufman v Kaufman*, 131 AD3d at 944).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Rivera, J.P., Roman, Duffy and Brathwaite Nelson, JJ., concur.