■ Sherry Kravetz, Respondent, v Robert Kravetz, Appellant. [52 NYS3d 871]—

Appeal by the husband from an order of the Supreme Court, Nassau County (Edward A. Maron, J.), dated February 10, 2015. The order, insofar as appealed from, granted that branch of the wife's motion which was for an award of temporary maintenance.

Ordered that the order is affirmed insofar as appealed from, with costs.

" 'An agreement between spouses which is fair on its face will be enforced according to its terms unless there is proof of unconscionability, or fraud, duress, overreaching, or other inequitable conduct' " (*Kashman v Kashman*, 147 AD3d 1034, 1035 [2017], quoting *McKenna v McKenna*, 121 AD3d 864, 865 [2014]). "As with all contracts, prenuptial agreements are construed in accord with the parties' intent, which is generally gleaned from what is expressed in their writing" (*Van Kipnis v Van Kipnis*, 11 NY3d 573, 577 [2008]). " 'The words and phrases used by the parties must, as in all cases involving contract interpretation, be given their plain meaning' " (*Ellington v EMI Music, Inc.*, 24 NY3d 239, 244 [2014], quoting *Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]). A prenuptial agreement which contains a waiver of maintenance will not preclude a party from obtaining pendente lite maintenance unless such an award is expressly precluded by the terms of the agreement (*see Davis v Davis*, 144 AD3d 623, 624 [2016]; *McKenna v McKenna*, 121 AD3d 864, 865 [2014]; *Abramson v Gavares*, 109 AD3d 849, 850 [2013]).

Contrary to the husband's contention, the parties' prenuptial agreement did not expressly preclude an award of temporary maintenance, nor did the wife expressly waive such an award under the terms of the agreement (*see Davis v Davis*, 144 AD3d at 624; *McKenna v McKenna*, 121 AD3d at 867; *Abramson v Gavares*, 109 AD3d at 850; *Vinik v Lee*, 96 AD3d 522, 522-523 [2012]).

Accordingly, that branch of the wife's motion which was for an award of temporary maintenance was properly granted. Leventhal, J.P., Hall, Hinds-Radix and Brathwaite Nelson, JJ., concur.