Maddaloni v Maddaloni (2018 NY Slip Op 05295)





Maddaloni v Maddaloni


2018 NY Slip Op 05295


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-11785
 (Index No. 8359/11)

[*1]Laura Maddaloni, respondent, 
v
Luigi Maddaloni, appellant.


Kenneth S. Sternberg, New York, NY, for appellant.
Castrovinci & Mady, Smithtown, NY (Matthew K. Mady and Michael J. Miller of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated September 6, 2016. The order, insofar as appealed from, denied the defendant's motion, in effect, for leave to reargue his prior motion, which had been denied in an order of the same court dated September 22, 2015, and granted the plaintiff's motion for postjudgment and interim appellate counsel fees.
ORDERED that the appeal from so much of the order as denied the defendant's motion, in effect, for leave to reargue his prior motion is dismissed; and it is further,
ORDERED that the order is affirmed insofar as reviewed, with costs.
The parties were married on January 2, 1988. The plaintiff commenced this action for a divorce and ancillary relief on March 16, 2011. A judgment of divorce was entered on May 19, 2014. The defendant appealed from stated portions of the judgment of divorce and four related orders, and the plaintiff cross-appealed from stated portions of the judgment of divorce. By decision and order dated August 24, 2016, this Court, inter alia, affirmed the judgment of divorce insofar as appealed and cross-appealed from (see Maddaloni v Maddaloni, 142 AD3d 646).
During the pendency of the appeals, the defendant moved (1) pursuant to CPLR 2221 and 5015(a)(2) and (3) to vacate all prior orders and decisions in the action, (2) to hold the plaintiff in contempt on the ground that she gave intentionally false, misleading, and perjured testimony during the underlying trial, and (3) to sanction the plaintiff for engaging in frivolous and vexatious conduct by giving false and misleading testimony during the underlying trial. By order dated September 22, 2015, the Supreme Court denied the defendant's motion. The defendant then moved [*2]for the same relief previously denied in the order dated September 22, 2015, and for leave to reargue the motion decided in that the order. The plaintiff moved for postjudgment and interim appellate counsel fees. The court denied the defendant's motion and granted the plaintiff's motion for postjudgment and interim appellate counsel fees. The defendant appeals.
As the Supreme Court previously considered and determined the substance of defendant's motion, which was denied in the order dated September 22, 2015, and the defendant's subsequent motion was not based on new facts, the court properly treated the subsequent motion as one for leave to reargue, the denial of which is not appealable (see CPLR 2221; Humsted v New York City Health & Hosps. Corp., 142 AD3d 1139, 1140; Arch Bay Holdings, LLC-Series 2010C v Daisy, 132 AD3d 787, 788; Navarette v Alexiades, 50 AD3d 873).
The parties' 1988 postnuptial agreement provided that in the event that either of the parties was unable or unwilling to continue the marriage arrangement, neither of the parties would be entitled to counsel fees. However, "[t]he determination as to whether or not a provision waiving the right to seek an award of an attorney's fee is enforceable must be made on a case-by-case basis after weighing the competing public policy interests in light of all relevant facts and circumstances both at the time the agreement was entered and at the time it is to be enforced" (Kessler v Kessler, 33 AD3d 42, 48; see Abramson v Gavares, 109 AD3d 849, 851).
Here, based on the disparity between the financial positions of the parties, and all of the circumstances of this matter, the provision of the parties' postnuptial agreement waiving the right to seek an award of an attorney's fee is unenforceable.
Generally, in any action or proceeding for divorce and/or to enforce or modify any provision of a judgment or order entered in an action for divorce, the court may require that either party pay counsel fees to enable the other party to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties (see Domestic Relations Law §§ 237[a]; 238). Moreover, in any action or proceeding for failure to obey any lawful order compelling payment of support, maintenance, or distributive award, the court, upon a finding that such failure was willful, shall order the respondent to pay counsel fees to the attorney representing the petitioner (see Domestic Relations Law § 237[c]).
Here, in light of all the relevant facts and circumstances, the Supreme Court's award of postjudgment and interim appellate counsel fees to the plaintiff was a provident exercise of discretion (see Domestic Relations Law §§ 237, 238; Abramson v Gavares, 109 AD3d at 851; Kessler v Kessler, 33 AD3d at 50; see also Franco v Franco, 97 AD3d 785, 787; Cohen v Cohen, 73 AD3d 832, 834; Saslow v Saslow, 305 AD2d 487, 489).
RIVERA, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court