Zavulunova v Aminov (2019 NY Slip Op 04229)





Zavulunova v Aminov


2019 NY Slip Op 04229


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2017-12063
 (Index No. 10370/14)

[*1]Khana Zavulunova, respondent, 
v
Lev Aminov, appellant.


Law Office of Nancy T. Sherman, P.C., Great Neck, NY (Henry Mascia of counsel), for appellant.
IM Law Group, P.C., Cedarhurst, NY (Igor Meystelman of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Anna Culley, J.), entered September 5, 2017. The order, insofar as appealed from, denied the defendant's motion to enforce a memorandum of understanding between the parties dated March 29, 2017, and granted the plaintiff's cross motion to set aside that memorandum of understanding.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The parties were married in March 1994, when the plaintiff was 16 years old. The plaintiff raised the couple's three children and remained a stay-at-home mother until she commenced this action in July 2014. On March 29, 2017, the parties signed a "memorandum of understanding," wherein they agreed that the defendant would pay the plaintiff $150,000 in full satisfaction for equitable distribution, child support, and maintenance. In exchange, a pendente lite order, directing the defendant to pay temporary relief to the plaintiff, would cease to be in effect, and the plaintiff would leave the marital home within 180 days. However, the plaintiff thereafter refused to sign a stipulation of settlement. The defendant moved to enforce the memorandum of understanding and direct the plaintiff to execute the stipulation of settlement and all documents necessary to effectuate the divorce. The plaintiff cross-moved to set aside the memorandum of understanding. The Supreme Court, inter alia, denied the motion and granted the cross motion. The defendant appeals. We affirm.
An agreement between spouses which is fair on its face will be enforced according to its terms unless there is proof of unconscionability, or fraud, duress, overreaching, or other inequitable conduct (see Christian v Christian, 42 NY2d 63, 73; Petracca v Petracca, 101 AD3d 695, 697-699; Rabinovich v Shevchenko, 93 AD3d 774, 775). "An unconscionable bargain is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense" (Morad v Morad, 27 AD3d 626, 627; see McKenna v McKenna, 121 AD3d 864, 865; Cioffi-Petrakis v Petrakis, 72 AD3d 868, 868-869).
Here, the plaintiff demonstrated that the terms of the memorandum of understanding were manifestly unfair given the nature and magnitude of the rights she waived (see Petracca v Petracca, 101 AD3d at 697-699).
Accordingly, we agree with the Supreme Court's determination to deny the defendant's motion and grant the plaintiff's cross motion.
MASTRO, J.P., DILLON, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court