Almountaser v Abdo (2024 NY Slip Op 01285)

Almountaser v Abdo

2024 NY Slip Op 01285

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2021-04478
 (Index No. 50477/20)

[*1]Nada Almountaser, respondent, 
v
Dahan Abdo, appellant.

Brian D. Perskin & Associates P.C., Brooklyn, NY (Evan S. Seckular of counsel), for appellant.
Frank Bruno, Jr., Glendale, NY (Sebastian Karczmarczyk of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Kings County (Eric I. Prus, J.), dated June 14, 2021. The order, insofar as appealed from, denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought awards of equitable distribution, maintenance, and counsel fees.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant were married in Yemen in July 2005. In January 2020, the plaintiff commenced this action for a divorce and ancillary relief, seeking, inter alia, awards of equitable distribution of marital property and debt, maintenance pursuant to Domestic Relations Law § 236, and counsel fees pursuant to Domestic Relations Law § 237.
During the pendency of this litigation, the defendant submitted a copy of the parties' marriage license and a certified English translation of it that he obtained from the Yemeni government. The plaintiff, who possessed the original marriage license, also submitted a certified English translation thereof. Both versions contained what is known as a Mahr agreement, which the parties assert is an agreement between parties to a marriage, in accordance with Islamic law, that the husband will pay to the wife a specified sum in the event of a divorce. The defendant contends that the Mahr agreement resolves all issues concerning equitable distribution, maintenance, and counsel fees. The plaintiff contends, inter alia, that the Mahr agreement does not resolve those financial issues because the agreement contains no waiver of equitable distribution, maintenance, or counsel fees. In addition, the respective translations of the marriage license submitted by the parties differed as to the date of the marriage, the names of the witnesses to the marriage, the amount due pursuant to the Mahr agreement, and the specific language surrounding the Mahr agreement.
On March 4, 2021, the defendant moved, inter alia, for summary judgment dismissing so much of the complaint as sought awards of equitable distribution, maintenance, and counsel fees. In an order dated June 14, 2021, the Supreme Court denied that branch of the motion. The defendant appeals.
A party seeking summary judgment "bears the initial burden of demonstrating its prima facie entitlement to the requested relief" (Agulnick v Agulnick, 191 AD3d 12, 16). When a party in a divorce action moves for summary judgment to dismiss based on the alleged waiver of equitable distribution, maintenance, and counsel fees in a prenuptial agreement, the moving party must, in addition to "eliminat[ing] all triable issues of fact" (First Metlife Invs. Ins. Co. v Filippino, 170 AD3d 672, 674), make a prima facie showing that "the terms of the agreement were not unconscionable and that the agreement was not the product of fraud, duress, overreaching or other inequitable conduct" (Postiglione v Postiglione, 125 AD3d 625, 626).
Here, the defendant failed to eliminate triable issues of fact as to which English translation of the marriage license controls and as to whether the Mahr agreement was unconscionable (see id. at 626). Further, neither translation of the Mahr agreement contains an explicit waiver of equitable distribution, maintenance, or counsel fees (see Farag v Farag, 4 AD3d 502, 504). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as sought awards of equitable distribution, maintenance, and counsel fees.
The defendant's remaining contentions are without merit.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court