■ PHILIP J. NIOSI, Respondent, v DANISE A. NIOSI, Appellant. [613 NYS2d 50] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated October 7, 1992, as (1) upon granting so much of her motion as sought summary judgment on her fourth counterclaim for a conversion divorce, stayed entry

of judgment, and (2) denied so much of her motion as sought summary judgment on her fifth counterclaim to recover damages for an alleged breach of the separation agreement.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were married in August 1985, and have one child. In June 1988, the parties entered into a separation agreement which provided, *inter alia,* that the husband would make maintenance payments, in monthly amounts varying between $1,800 and $3,400, to the wife, who was in her mid-twenties and healthy, for the duration of her life, and regardless of whether she remarried.

In July 1991 the husband commenced this action for a divorce and ancillary relief. In his fourth cause of action, the husband sought to set aside the separation agreement as unconscionable. He alleged that, under the circumstances, the duration and amount of maintenance provided for in the agreement rendered it unconscionable, and that, without the benefit of counsel, he was pressured into signing the agreement by the wife, at a time when he was undergoing regular psychiatric treatment. The wife counterclaimed for various relief, and subsequently moved, *inter alia,* for summary judgment on her fourth counterclaim for a conversion divorce, and on her fifth counterclaim to recover damages for breach of the separation agreement. The Supreme Court granted the wife a conversion divorce, but stayed the entry of judgment pending a determination, after trial, as to whether the maintenance provision of the separation agreement was unconscionable. The Supreme Court further denied the wife summary judgment on the fifth counterclaim. The wife appeals, and we affirm.

Domestic Relations Law § 236 (B) (3) provides, in pertinent part, that an agreement entered into by the parties during the marriage with respect to the amount and duration of maintenance shall be valid and enforceable provided that the terms thereof "were fair and reasonable at the time of the making of the agreement and are not unconscionable at the time of entry of final judgment". The papers filed in support of the wife's motion and in opposition thereto raise an issue of fact as to whether the maintenance provision of the separation agreement was unconscionable, requiring a trial. Thus, the court properly declined to enter judgment in her favor *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur.