■ BEA SCHIFREN, Appellant, v WALDBAUMS, INC., Respondent, et al., Defendant. [665 NYS2d 860] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered October 16, 1996, which granted plaintiff's motion for leave to reargue and, upon reargument, adhered to its original determination granting defendant Waldbaums, Inc.'s motion for a change of venue from Bronx County to Suffolk County, unanimously reversed, to the extent appealed from as limited by the briefs, on the law, the facts and in the exercise of discretion, without costs, and the motion to the extent it sought a change of venue denied.

Although defendant Waldbaums knew the relevant facts, it failed to timely move for a change of venue (CPLR 511). Concur—Milonas, J. P., Rubin, Tom, Mazzarelli and Colabella, JJ.

■ LOIS TEICH, Respondent, v BERTRAM TEICH, Appellant. [665 NYS2d 859] —Order, Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered on or about February 5, 1997, which, insofar as appealed from as limited by defendant's brief, directed defendant to produce copies of his attorney's bills in this litigation redacted so as not to disclose privileged matter or attorney's work product, unanimously affirmed, without costs.

Upon review of the prior order entered on or about October 25, 1994 (David Saxe, J.), which was not appealed insofar as it directed defendant to produce all documents demanded by plaintiff in his possession or control (*see, Harris v Hirsh*, 196 AD2d 425, 426, *affd* 83 NY2d 734, *vacated on other grounds* 513 US 1141; *Ennist v Shepherd*, 117 AD2d 580), we find that it did not properly safeguard defendant's attorney-client privilege, and that the order on appeal properly corrected this deficiency by permitting the redaction of all material contained in defendant's attorney's bills other than the number of hours worked and the dollar amount charged (*see, De La Roche v De La Roche*, 209 AD2d 157, 158-159; *Wolf v Wolf*, 160 AD2d 555). Concur—Milonas, J. P., Rubin, Tom, Mazzarelli and Colabella, JJ.