■ Thomas J. Fochetta, Respondent, v Harvey Schlackman et al., Appellants. [685 NYS2d 22] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered June 23, 1998, which directed production of certain demanded records, directed defendants' attorney to answer questions and denied defendants' motion for an extension of the discovery deadline, unanimously modified, on the law, the facts and in the exercise of discretion, to grant plaintiff's motion to compel disclosure of invoices subject to in camera inspection of the invoices and redaction of any information as to the nature of services rendered, and to grant the cross motion for an extension of the discovery deadline to the extent of requiring that additional discovery be completed within 60 days after the date of this order, and otherwise affirmed, without costs.

Plaintiff was a principal and a 50% shareholder of each of the closely held defendant corporations until 1996 when he executed the stock surrender, the validity of which forms the focal point of the present litigation. Given the extent of plaintiff's ownership interest and managerial involvement in defendant corporations prior to the disputed stock surrender, the motion court properly determined that the attorney-client privilege was not properly invoked by defendants to deny plaintiff access to otherwise privileged pre-surrender materials essential to the proof of his claims (*see, Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 138). However, as plaintiff has no right to those portions of the sought billing invoices that would reveal client confidences as to services and strategy, we exercise our own discretion (*see, e.g., Collazo v City of New York*, 213 AD2d 270) to extend the discovery deadline as indicated, so as to, *inter alia*, facilitate in camera inspection of those invoices and,

where necessary, their redaction (*see, Teich v Teich*, 245 AD2d 41). Concur—Williams, J. P., Lerner, Rubin and Saxe, JJ.