■ GERTRUDE M. DECKOFF, Appellant, v STEPHEN H. DECKOFF, Respondent. [726 NYS2d 567] —In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Westchester County (Shapiro, J.), entered August 3, 2000, which granted the motion of the defendant husband, in effect, for summary judgment dismissing so much of the complaint as sought spousal maintenance.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff wife contends that the Supreme Court erred in finding, as a matter of law, that the prenuptial agreement in which she waived her right to spousal maintenance was enforceable. We agree. Domestic Relations Law § 236 (B) (3) provides that an agreement entered into by the parties with respect to spousal maintenance shall be valid and enforceable provided that the terms thereof "were fair and reasonable at the time of the making of the agreement and are not unconscionable at the time of the entry of final judgment." Although this provision does not preclude a court from determining in advance of trial whether an agreement is unconscionable where there is a fully-developed record regarding the parties' current financial circumstances and no material factual disputes (*see, Anonymous v Anonymous,* 258 AD2d 546; *Valente v Valente,* 269 AD2d 389), that is not the situation in this case. Accordingly, the issue of whether the wife's waiver of spousal maintenance in the 1993 prenuptial agreement is enforceable should await resolution at trial (*see, Niosi v Niosi,* 205 AD2d 514). Krausman, J. P., H. Miller, Schmidt and Crane, JJ., concur.