■ JUDY MULLIGAN, Individually and as Administrator of the Estate of PATRICK MULLIGAN, Deceased, Appellant, v NEW YORK CORNELL MEDICAL CENTER et al., Defendants, and OTTIS W. ISOM, M.D., Respondent. [759 NYS2d 54] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered January 7, 2002, which dismissed the complaint due to plaintiff's failure to proceed with jury selection, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the complaint reinstated.

Since the order of the IAS court was not predicated upon a motion on notice, it is not appealable as of right (CPLR 5701 [a] [2]). In the interest of justice, however, we deem the notice of appeal to be an application for leave to appeal to this Court, and, as such, grant leave for a determination on the merits (CPLR 5701 [c]; *see Tutuianu v State of N.Y. Dept. of Social Servs.*, 242 AD2d 476 [1997]).

In light of the strong public policy of this State to dispose of cases on their merits, we find that the IAS court improvidently exercised its discretion in dismissing the complaint for plaintiff's failure to proceed with jury selection, particularly where plaintiff's counsel made reasonable efforts to secure the presence of its out-of-state expert witness (*see Goichberg v Sotudeh*, 187 AD2d 700, 702 [1992]). Plaintiff should not be denied her day in court merely because of her expert's refusal to travel after the events of September 11, 2001.

Similarly, the fact that no CPLR 3101 (d) expert response had been exchanged is not a basis for dismissal. A party may be precluded from introducing its expert's testimony at trial by failing to comply with the requirements of CPLR 3101 (d).

Although the IAS court did not specifically state that it was dismissing the action, in part, on the basis of its opinion that plaintiff could not make out a prima facie case of wrongful death without an autopsy, we recognize that a prima facie case sounding in medical malpractice requires expert opinion testimony to prove that there was a deviation from the standard of care (*see Capati v Crunch Fitness Intl.,* 295 AD2d 181 [2002]). Concur—Tom, J.P., Saxe, Rosenberger and Lerner, JJ.