■ CYNTHIA E. DAVIS, Appellant, v THE NORTH PRESBYTERIAN CHURCH, Respondent. [764 NYS2d 357] —Appeal from order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about March 4, 2003, which, in an action for

breach of an employment contract by the estate of a pastor against a church, at the commencement of trial, precluded plaintiff from offering evidence with respect to damages sustained subsequent to her decedent's discharge by defendant, unanimously dismissed, without costs.

It appears that during jury selection, a dispute arose as to whether plaintiff could seek to recover compensation for the unexpired portion of her decedent's term of employment with defendant, or whether she was limited to proving only the compensation owed up to his discharge. The trial court, "just to make the record as clear as possible," responded that it previously decided this very issue when it denied defendant's motion for summary judgment partly on the basis of an explicit representation by plaintiff's attorney that no posttermination damages were being sought. This representation, the trial court explained, effectively eliminated any issue as to whether the action was essentially one for wrongful discharge and concerning religious doctrine and practice. Accordingly, the trial court added, it "made it very clear * * * [just] the other day" that in response to any jury questions, the attorneys should say that the case did not involve anything "related to the reason for the termination."

Plaintiff did not seek to reargue or appeal the prior order, which, as represented by the trial court, clearly indicated reliance on plaintiff's attorney's representation that only pretermination compensation was sought. Nor did plaintiff take advantage of a second opportunity to alert the court to the contrary when defendant moved to reargue the denial of its motion for summary judgment on the ground that the action did indeed seek posttermination damages. Instead, plaintiff opposed reargument on the ground that the court did not overlook any principles of law or misapprehend any facts.

The appeal is taken from an order that did not decide a motion which either party had made upon notice. Therefore, the order given during jury selection is not appealable as of right (CPLR 5701 [a] [2]; *see Courtney v Duo Colony Fuel Corp.*, 300 AD2d 169 [2002]), and, under the circumstances, we dismiss the appeal (*cf. Mulligan v New York Cornell Med. Ctr.*, 304 AD2d 492 [2003]). Concur—Andrias, J.P., Saxe, Sullivan, Rosenberger and Marlow, JJ.