RONALD M. SOIEFER, Appellant, v LUCILLE DIAMOND SOIEFER, Respondent. [794 NYS2d 20]—

Order, Supreme Court, New York County (Laura Visitacion-Lewis, J.), entered November 12, 2004, which, insofar as appealed from as limited by the briefs, awarded defendant wife interim attorneys' fees in the total amount of $178,646.99, consisting of payment to defendant's attorneys of $59,156.49 for outstanding legal fees charged through July 21, 2004, reimbursement to defendant for $44,490.50 she paid to her attorneys, and $75,000 as an advance on anticipated future services, unani-

mously affirmed, without costs. Order, same court and Justice, entered December 20, 2004, which, upon defendant's renewal of the November 12 order insofar as it denied attorneys' fees incurred from July 22, 2004 to September 25, 2004, awarded defendant additional interim attorneys' fees of $63,522.98 for that period, unanimously modified, on the law and the facts, to reduce the award to $18,520, and otherwise affirmed, without costs.

The November 12, 2004 order appropriately redresses the parties' economic disparity, and is adequately supported by evidence of the nature and extent of the legal services rendered and anticipated and defendant's attorneys' time records and hourly rate (Domestic Relations Law § 237; *see Frankel v Frankel*, 2 NY3d 601, 607 [2004]; *cf. Diamond v Diamond*, 290 AD2d 270 [2002]). However, the legal work performed between August 8 and September 25, 2004 mostly related to the then separate Family Court article 10 proceeding brought against defendant. Since fee awards for services rendered in an article 10 proceeding are not authorized by Domestic Relations Law § 237 (*see Matter of Elissa F.*, 147 Misc 2d 374 [1990]; *cf. Schapiro v Schapiro*, 204 AD2d 87 [1994]), we modify the December 20, 2004 order so as to include only the services rendered before August 8, 2004. However, fees for services related to the article 10 proceeding rendered after the October 18, 2004 court-ordered transfer of that proceeding to Supreme Court for joint trial with the divorce action are reimbursable. The award for future services in the November 12, 2004 order is an appropriate advance on those and other anticipated fees. The attorneys' bills were properly redacted so as to safeguard defendant's attorney-client privilege (*see Teich v Teich*, 245 AD2d 41 [1997]). We have considered plaintiff's other arguments and find them unavailing. Concur—Andrias, J.P., Sullivan, Ellerin and Williams, JJ.