Matter of Gliklad v Deripaska (2020 NY Slip Op 04233)





Matter of Gliklad v Deripaska


2020 NY Slip Op 04233


Decided on July 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 23, 2020

Richter, J.P., Manzanet-Daniels, Kapnick, Kern, Oing, JJ.


11637N 652641/15

[*1] In re Alexander Gliklad, Petitioner,
v
Oleg Deripaska, Respondent-Appellant. 
Buzzfeed, Inc., Nonparty Respondent.


Bryan Cave Leighton Paisner LLP, New York (Howard M. Rogatnick of counsel), for appellant.
Loevy & Loevy, New York (Matthew V. Topic of the Bar of the State of Illinois, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered June 4, 2019, which, to the extent appealed from as limited by the briefs, granted nonparty BuzzFeed's request to unseal the petition and confidential settlement agreement in this dismissed special proceeding, unanimously reversed, on the law and the facts, without costs, and the matter remanded for further proceedings consistent with this decision.
Since the order was not predicated upon a motion made on notice, it is not appealable as of right (CPLR 5701[a][2]; see Sholes v Meagher, 100 NY2d 333, 335 [2003]). In the interest of justice, we deem appellant Deripaska's notice of appeal as a request for leave to appeal and grant leave for determination on the merits (see CPLR 5701[c]; Mulligan v New York Cornell Med. Ctr., 304 AD2d 492 [1st Dept 2003]).
Initially, we agree that Supreme Court had jurisdiction to unseal the documents, even if it had no personal jurisdiction over Deripaska (see Gambale v Deutsche Bank AG, 377 F3d 133, 141 [2d Cir 2004]). However, we find that the court abused its discretion in granting BuzzFeed's request to unseal the petition and settlement agreement in their entirety. The court improvidently found that Deripaska could not have reasonably relied on the confidentiality of the subject documents because they were not filed under seal. The record shows that the settlement agreement was the subject of a prior sealing order, and the documents were never made publicly available, but filed under restricted access, before they were placed under seal.
Nonetheless, as BuzzFeed persuasively argues, New York has a "long-standing, sound public policy that all judicial proceedings, both civil and criminal, are presumptively open to the public'" (Matter of James Q., 32 NY3d 671, 676 [2019], quoting Matter of Hearst Corp. v Clyne, 50 NY2d 707, 715 [1980]; see also Mosallem v Berenson, 76 AD3d 345 [1st Dept 2010]). Sealing of a document, when the public or press seeks to gain access to it, should not be permitted except in compelling circumstances especially where as occurred here, the court relied on the documents in reaching its decision (see generally United States v Amodeo, 71 F3d 1044, 1049 [2d Cir 1995]; see also Mosallem, 76 AD3d at 350). Buzzfeed contends that Deripaska is a well-known figure, who is connected to numerous people in American public life and American government at the highest level. The motion court described him as a figure of "notoriety." Appellant does not dispute this but contends that good cause existed for the prior justices to seal these documents,[FN1] and that Buzzfeed has not met its burden to undo those rulings. Appellant [*2]further argues that since the documents were previously sealed, a higher standard should apply and that in applying this higher standard, Buzzfeed failed to demonstrate why the petition and settlement agreement should be unsealed (see Geller v Branic Intl. Realty Corp., 212 F3d 734 [2d Cir 2000]; see also Securities & Exch. Commn. v TheStreet.Com, 273 F3d 222 [2d Cir 2001]).
Here, in light of the strong public policy in favor of open court records and the fact that the documents were relied on by the court in its decision, we conclude that Buzzfeed has shown that complete sealing is not necessary. We reject Deripaska's contention that Buzzfeed's request is motivated by mere curiosity (see generally Danco Labs. v Chemical Works of Gedeon Richter, 274 AD2d 1 [lst Dept 2000]).
In unsealing the documents, the motion court did not address whether a more narrow remedy, such as limited redaction, would serve to protect any confidential or proprietary information in the agreements. While appellant contends that he relied on the sealing order when agreeing to the English Settlement Agreement, neither the record nor the briefs contain a satisfactory explanation as to exactly how he would be prejudiced if it were released, provided that any confidential or proprietary information is redacted. In rejecting appellant's contention that all of the documents should remain sealed we are not holding that all such media applications should be granted, but rather that, on balance, in this case Buzzfeed has established a basis for obtaining access subject to any redactions. Accordingly, we remand to the motion court for it to determine, after further submissions if it determines that is necessary, and after in camera review of the unredacted records, whether any redactions are necessary before the documents are released.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 23, 2020
CLERK



Footnotes

Footnote 1:The validity of the prior justices conclusion, that there was good cause for sealing these business documents, is not before us.