Mahadeo v Mahadeo (2021 NY Slip Op 02285)





Mahadeo v Mahadeo


2021 NY Slip Op 02285


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-12669
2019-02894
 (Index No. 1069/15)

[*1]Priya Rachel Mahadeo, appellant,
v
Robby Mahadeo, respondent.


Sager Gellerman Eisner LLP, Forest Hills, NY (Alyssa Eisner and Esther Chyzyk Bernheim of counsel), for appellant.
Thomas Torto, New York, NY, for respondent.
Rayaaz N. Khan, Jamaica, NY, attorney for the children.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Margaret P. McGowan, J.), dated August 4, 2018, and (2) an order of the same court dated January 28, 2019. The order dated August 4, 2018, insofar as appealed from, after a hearing, denied that branch of the plaintiff's motion which was to set aside the parties' prenuptial agreement. The order dated January 28, 2019, insofar as appealed from, upon vacating an order of the same court dated September 25, 2018, vacating the order dated August 4, 2018, in effect, reinstated so much of the order dated August 4, 2018, as denied that branch of the plaintiff's motion which was to set aside the prenuptial agreement.
ORDERED that the appeal from the order dated January 28, 2019, is dismissed, as no appeal lies as of right from an order that does not decide a motion made on notice (see CPLR 5701[a][2]), and we decline to grant leave to appeal, as the appeal from that order has been rendered academic in light of our determination of the appeal from the order dated August 4, 2018; and it is further,
ORDERED that the order dated August 4, 2018, is reversed insofar as appealed from, on the law, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The parties were married on July 23, 2003, and have three children. The day before their marriage, the parties entered into a prenuptial agreement which provided, inter alia, that, in the event of termination of the marriage, each party waived the right to maintenance, equitable distribution, and attorney's fees. The agreement stated, among other things, that the manner in which title to property acquired during the marriage was held, whether joint or separate, would control the ownership of that property in the event of a divorce, and that any funds deposited in either party's separate bank accounts would be deemed that party's separate property. At the time of the [*2]agreement, the plaintiff was employed in the field of technology and compliance, earning approximately $75,000 to $80,000 a year, and the defendant, a physician, operated a private practice, earning approximately $900,000 a year. The defendant also owned two properties in Queens. In 2008, the plaintiff ceased working outside of the home and became a full-time homemaker.
In January 2015, the plaintiff commenced this action for a divorce and ancillary relief. She subsequently moved, inter alia, to set aside the prenuptial agreement. In her affidavit submitted in support of the motion, the plaintiff averred, among other things, that she had no assets and had been required to seek public assistance. She annexed exhibits to her motion demonstrating that she was then reliant on public assistance.
In an order dated August 4, 2018, made after a hearing, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was to set aside the parties' prenuptial agreement, finding that she failed to sustain her burden of proof that the agreement was the product of duress, fraud, overreaching, or unconscionability. Thereafter, in an order dated September 25, 2018, the court, sua sponte, vacated the order dated August 4, 2018. However, in an order dated January 28, 2019, the court vacated the September 25, 2018 order, and, in effect, reinstated the order dated August 4, 2018. The plaintiff appeals.
"An agreement between spouses or prospective spouses should be closely scrutinized, and may be set aside upon a showing that it is unconscionable, or the result of fraud, or where it is shown to be manifestly unfair to one spouse because of overreaching on the part of the other spouse" (Bibeau v Sudick, 122 AD3d 652, 654-655; see Taha v Elzemity, 157 AD3d 744, 745). "An agreement that might not have been unconscionable when entered into may become unconscionable at the time a final judgment would be entered" (Taha v Elzemity, 157 AD3d at 745-746; see Domestic Relations Law § 236[B][3]).
Here, the plaintiff submitted evidence with her motion papers in support of her argument that the prenuptial agreement should be set aside as a matter of public policy since, at the time of her motion, she was unemployed, had become reliant on public assistance for herself and her children, and had no financial resources (see General Obligations Law § 5-311; Taha v Elzemity, 157 AD3d at 746). Despite the plaintiff having raised this argument, the Supreme Court failed to address the plaintiff's contention that the enforcement of the agreement would result in the risk of her becoming a public charge (see Kessler v Kessler, 33 AD3d 42, 46; Deckoff v Deckoff, 284 AD2d 426, 427).
Accordingly, we must reverse the order dated August 4, 2018, insofar as appealed from, and remit this matter to the Supreme Court, Queens County, for a hearing and determination on the issue of whether the prenuptial agreement was unconscionable at the time this action was before the court, and a new determination thereafter of that branch of the plaintiff's motion which was to set aside the prenuptial agreement.
In light of our determination, we need not reach the plaintiff's remaining contentions.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court