| Midway Wind, LLC v Siemens Gamesa Renewable Energy, Inc. |
|:---:|
| 2025 NY Slip Op 30399(U) |
| January 30, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 651234/2023 |
| Judge: Nancy M. Bannon |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. NANCY M. BANNON**      PART      **61M**

*Justice*

-----------------------------------------------------------------------------X

MIDWAY WIND, LLC,

            Plaintiff,

- v –

SIEMENS GAMESA RENEWABLE ENERGY, INC.,

            Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651234/2023 |
| MOTION DATE | 12/13/2024, 12/20/2024 |
| MOTION SEQ. NO. | 010 013 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 010) 156, 157, 158, 159

were read on this motion to/for            SEAL            .

The following e-filed documents, listed by NYSCEF document number (Motion 013) 190, 191, 192, 193, 194

were read on this motion to/for            SEAL            .

In this breach of contract action concerning alleged defects in wind turbines purchased by the plaintiff, a Texas wind farm, from the defendant, the defendant moves pursuant to 22 NYCRR 216.1 to maintain redactions to a letter submitted to the court by the plaintiff and certain exhibits thereto (NYSCEF Doc. Nos. 143-44, 149, 152) and to maintain certain other exhibits to the letter under seal (NYSCEF Doc. Nos. 145-48) (MOT SEQ 010). The defendant separately moves pursuant to 22 NYCRR 216.1 to maintain redactions to the plaintiff's memorandum of law in support of its pending motion to compel (NYSCEF Doc. No. 172) and to maintain certain exhibits filed in support of that motion under seal (NYSCEF Doc. Nos. 175, 178, 181) (MOT SEQ 013). By orders dated November 18, 2024, and December 5, 2024, the court granted the defendant's requests for TROs to maintain the subject documents under seal pending decision on the present motions. The motions are granted in part, without opposition.

Pursuant to 22 NYCRR 216.1(a), "a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties." The

**651234/2023   MIDWAY WIND, LLC vs. SIEMENS GAMESA RENEWABLE ENERGY, INC.**      **Page 1 of 5**
**Motion No.  010 013**

1 of 5

[* 1]

Appellate Division, First Department, has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records." Mosallem v Berenson, 76 AD3d 345, 348 (1st Dept. 2010). Because "confidentiality is clearly the exception, not the rule" (Matter of Hofmann, 284 AD2d 92, 93–94 [1st Dept. 2001]), that Court has authorized sealing "only in strictly limited circumstances." Gryphon Dom. VI, LLC v APP Intl. Fin. Co., 28 AD3d 322, 325 (1st Dept. 2006); see Mosallem v Berenson, supra. The burden is on the party seeking to seal court records to establish "good cause." Maxim, Inc. v Feifer, 145 AD3d 516, 517 (1st Dept. 2017). Furthermore "[a] finding of 'good cause' presupposes that ... no alternative to sealing can adequately protect the threatened interest." Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 502 (2nd Dept. 2007) citing In re Herald Co., 734 F2d 93, 100 [2nd Cir. 1984]). Appropriate less restrictive alternative relief may and should be granted to balance the competing interests of public access and the need for secrecy or confidentiality. See Danco Labs v Chemical Works of Gedeon Richter, 274 AD2d 1 (1st Dept. 2000). It is well settled that redaction can be such an appropriate alternative relief and is favored over sealing. See Id.; Jose V. v Smiley & Smiley LLP, 214 AD3d 523 (1st Dept. 2023); Vergara v Mission Capital Advisors, LLC, 187 AD3d 495 (1st Dept. 2020); Gliklad v Derispaska, 185 AD3d 512 (1st Dept. 2020); Maxim, Inc. v Feifer, 145 AD3d 516 (1st Dept. 2016).

In the business context, good cause may be established where trade secrets are involved (see Matter of Bernstein v On-Line Software Inter. Inc., 232 AD2d 336 [1st Dept. 1996] lv denied 89 NY2d 810 (1997); Matter of Crain Communications, Inc., 135 AD2d 351 [1st Dept. 1987]) or "where the release of documents could threaten a business's competitive advantage. (Matter of Twentieth Century Fox Film Corp., supra at 488)." Mosallem v Berenson, supra at 350; see Vergara v Mission Capital Advisors, LLC, supra; Mancheski v Gabelli Group Capital Partners, supra.

The defendant seeks to redact the plaintiff's letter to the court, dated November 8, 2024, concerning the defendant's alleged noncompliance with its discovery obligations, as well as exhibits to the letter – exhibits 1, 6, and 9r, consisting of email communications between the parties' attorneys regarding the underlying discovery dispute (NYSCEF Doc. Nos. 143-44, 149, 152) and exhibits 2-5 to the plaintiff's letter, consisting of three deposition transcripts and the cover letter that accompanied a supplemental document production by the defendant (NYSCEF Doc. Nos. 145-48)/ The defendant also seeks to seal exhibits 1, 4 and 7 to the affirmation of Jessica Sabbath in support of the plaintiff's pending motion to compel, consisting of two documents produced by the defendant in discovery containing its employees internal

**651234/2023  MIDWAY WIND, LLC vs. SIEMENS GAMESA RENEWABLE ENERGY, INC.**       **Page 2 of 5**
**Motion No.  010 013**

2 of 5

[* 2]

communications and a deposition transcript (NYSCEF Doc. Nos. 175, 178, 181). The defendant further seeks to redact portions of the memorandum of law in support of the plaintiff's motion to compel that discuss the associated exhibits sought to be sealed (NYSCEF Doc. No. 172).

As to all of the above documents, the defendant contends that redaction or sealing of is necessary to maintain the confidentiality of its "highly sensitive" and "proprietary" business information, including details of its proprietary technology and the names of non-party customers, as well as sensitive and confidential business information of non-litigant third parties.

The court finds "good cause" only to support maintaining the provisional redactions applied to NYSCEF Doc. Nos. 143-44, 149, 152 and 172 and only to the extent of redacting the names of non-litigant third parties, as disclosure of this information could impinge on the privacy rights of third parties who are not litigants herein. See Mancheski v Gabelli Group Capital Partners, 39 AD3d 499 (2nd Dept. 2007). As to the remaining information sought to be kept under redaction and the documents sought to be maintained entirely under seal, the defendant's conclusory assertions fall short of a "good cause" showing.  With respect to the four deposition transcripts sought to be sealed, which comprise some 700 pages of testimony, the defendant does not propose any redactions or otherwise identify what information is purportedly so sensitive as to warrant sealing. As to the redactions it does propose, the defendant claims that sealing/redaction is necessary to protect sensitive details of its proprietary technology. However, a review of the defendant's proposed redactions, as well as the non-deposition documents the defendant seeks to seal in their entirety, reveals that the defendant does not seek to protect information regarding product specifications or other similar technical information. Rather, the defendant principally seeks to seal or redact information regarding fires and/or other malfunctions or defects in equipment it provided and/or serviced at other wind farms. However, information regarding such malfunctions and defects is already public, as it forms a substantial part of the plaintiff's publicly filed amended complaint. Moreover, where, as here, a case concerns an allegedly defective product, the interests of the public weighs in favor of disclosure. See In Re East 51st Street Crane Collapse Litigation, 106 AD3d 473 (1st Dept. 2013) (court denied sealing of settlement in wrongful death action arising from a tower crane collapse). Indeed, 22 NYCRR 216.1[a] was enacted largely in response to concerns about "the practice of sealing records of settlements in product liability and other tort actions where the information might alert other consumers to potential defects." Matter of Twentieth Century Fox Film Corp., supra at 485-86.  The defendant provides and research reveals no decisional authority where a concern over disclosure of defective products warrants the sealing of any records. Indeed, logic

**651234/2023   MIDWAY WIND, LLC vs. SIEMENS GAMESA RENEWABLE ENERGY, INC.**             **Page 3 of 5**
**Motion No.  010 013**

dictates that concern over disclosing defects in a product would weigh against sealing as a matter of public policy. See Matter of Arb. Between Cyprium Therapeutics, Inc. & Curia Glob., Inc., 223 AD3d 1042 (3rd Dept. 2024) (compelling public interest in open access to proceeding pertaining to the manufacture and commercialization of a lifesaving drug); In Re East 51st Street Crane Collapse Litigation, supra.

Additionally, the fact that the documents sought to be sealed or redacted discuss information previously designated as confidential pursuant to the so-ordered confidentiality stipulation entered in this action pertaining to the production of purportedly confidential documents in discovery "is not controlling on the court's determination whether there is good cause to seal the record pursuant to 22 NYCRR 216.1." Eusini v Pioneer Electronics (USA), Inc., 29 AD3d 623, 625 (2nd Dept. 2006); see Mosallem v Berenson, supra.

Finally, the court is cognizant that the documents the defendant seeks to seal in their entirety, particularly the hundreds of pages of deposition transcripts, may well include the names of non-litigant third parties, specifically other wind farms with equipment provided and/or serviced by the defendant. As noted, however, the defendant does not propose any redactions to these transcripts or otherwise identify with any specificity what information contained within them warrants sealing.

Accordingly, it is

ORDERED that the defendant's motions to seal (MOT SEQ 010 and 013) are granted to the extent that the names of non-litigant third parties in NYSCEF Doc. Nos. 143-44, 149, 152 and 172 shall be redacted, as "good cause" was shown for such redactions, and the motions are otherwise denied; and it is further

ORDERED that service upon the Clerk of the Court of this order shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website); and it is further

ORDERED that the Clerk of the Court is directed to accept for filing redacted copies of NYSCEF Doc. Nos. 143-44, 149, 152 and 172, to be available for viewing by the public via NYSCEF, with revised redactions limited to those approved herein.

**651234/2023   MIDWAY WIND, LLC vs. SIEMENS GAMESA RENEWABLE ENERGY, INC.**          **Page 4 of 5**
**Motion No.  010 013**

[* 4]

4 of 5

This constitutes the Decision and Order of the court.

__1/30/2025__
**DATE**

**CHECK ONE:**

| | | | | |
|---|---|---|---|---|
| ☐ CASE DISPOSED | | X NON-FINAL DISPOSITION | | |
| ☐ GRANTED | ☐ DENIED | X GRANTED IN PART | ☐ OTHER | |

**APPLICATION:** ☐ SETTLE ORDER  ☐ SUBMIT ORDER

**CHECK IF APPROPRIATE:** ☐ INCLUDES TRANSFER/REASSIGN  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

**651234/2023  MIDWAY WIND, LLC vs. SIEMENS GAMESA RENEWABLE ENERGY, INC.**   Page 5 of 5
**Motion No.  010 013**

5 of 5