**22NW Fund, L.P. v Lifecore Biomedical, Inc.**

2025 NY Slip Op 31653(U)

May 5, 2025

Supreme Court, New York County

Docket Number: Index No. 659802/2024

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. NANCY M. BANNON**     PART       **61M**

*Justice*

-------------------------------------------------------------------------------X

22NW FUND, L.P.,

                     Plaintiff,

                     - v -

LIFECORE BIOMEDICAL, INC.,JAMES G. HALL, JOHN
MORBERG, KATRINA L. HOUDE, JEFFREY L. EDWARDS,
JOSHUA E. SCHECHTER, CRAIG BARBAROSH,
RAYMOND DIRADORRIAN

                     Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 659802/2024 |
| MOTION DATE | 05/02/2025 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 94, 95, 96, 97, 100, 101, 109, 110, 111, 112, 113, 114

were read on this motion to/for                      SEAL               .

       In this breach of contract action, the defendants move by order to show cause pursuant to 22 NYCRR 216.1(a), to seal certain unredacted versions of exhibits filed in support of the defendants' motions to dismiss (NYSCEF Doc. Nos. 44, 49, 51, 61, 63, 66, 68, 71, 73, 76, 78, 81, 83, 86, 88, 91, and 93). By order dated April 4, 2025, the court granted the defendants' requests for TROs to maintain the subject documents under seal pending decision on the present motion. The plaintiff opposes only the branch of the defendant's motion seeking to maintain the documents at NYSCEF Doc. Nos. 44, 49, and 51 under seal. By letter dated April 3, 2025, the defendants represented that they did not object to allowing the TRO to expire as to NYSCEF Doc. Nos. 44, 49, and 51. The remaining branch of the defendants' motion to seal NYSCEF Doc. Nos. 44, 49, 51, 61, 63, 66, 68, 71, 73, 76, 78, 81, 83, 86, 88, 91, and 93, is granted.

       22 NYCRR 216.1(a) provides that "a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties."

**659802/2024 22NW FUND, L.P. vs. LIFECORE BIOMEDICAL, INC. ET AL**           **Page 1 of 4**
**Motion No. 005**

[* 1]

"[P]ublic access to court proceedings is strongly favored, both as a matter of constitutional law (Richmond Newspapers v Virginia, 448 U.S. 555 [1980]) and as a statutory imperative (Judiciary Law § 4)." Anonymous v Anonymous, 158 AD2d 296, 297 (1st Dept. 1990); see also Herald Co. v Weisenberg, 59 NY2d 378 (1983) (closure of courtroom). Moreover, "the public interest in openness is particularly important on matters of public concern, even if the issues arise in the context of a private dispute." Danco Labs., Ltd. v Chemical Works of Gedeon Richter, Ltd., 274 AD2d 1, 7 (1st Dept. 2000). Accordingly, the Appellate Division, First Department, has emphasized that "there is a broad presumption that the public is entitled to access to judicial proceedings and court records." Mosallem v Berenson, 76 AD3d 345, 348 (1st Dept. 2010). Because "confidentiality is clearly the exception, not the rule" (Matter of Hofmann, 284 AD2d 92, 93–94 [1st Dept. 2001]), that Court has authorized sealing "only in strictly limited circumstances" (Gryphon Dom. VI, LLC v APP Intl. Fin. Co., 28 AD3d 322, 325 [1st Dept. 2006]; see Mosallem v Berenson, supra).

As stated, in any application to seal court records, the burden is on the party seeking sealing to establish "good cause." 22 NYCRR 216.1(a). "Since there is no absolute definition, a finding of good cause, in essence, 'boils down to … the prudent exercise of the court's discretion.'" Applehead Pictures, LLC v Perelman, 80 AD3d 181, 192 (1st Dept. 2010), quoting Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 502 (2nd Dept. 2007) (some internal quotation marks and citation omitted).

Furthermore "[a] finding of 'good cause' presupposes that ... no alternative to sealing can adequately protect the threatened interest." Mancheski v Gabelli Group Capital Partners, 39 AD3d 499, 502 (2nd Dept. 2007) citing In re Herald Co., 734 F2d 93, 100 [2nd Cir. 1984]). Appropriate less restrictive alternative relief may and should be granted to balance the competing interests of public access and the need for secrecy or confidentiality. See Danco Labs v Chem. Works of Gedeon Richter, 274 AD2d 1 (1st Dept. 2000). It is well settled that redaction can be such an appropriate alternative relief. See Id.; Jose V. v Smiley & Smiley LLP, 214 AD3d 523 (1st Dept. 2023); Gliklad v Derispaska, 185 AD3d 512 (1st Dept. 2020); Maxim, Inc. v Feifer, 145 AD3d 516 (1st Dept. 2016).

The defendants seek to permanently seal exhibits attached to the individual affirmations filed by defendants James G. Hall, John Morberg, Katrina L. Houde, Jeffrey Edwards, Joshua Schechter, Craig Barbarosh, and Raymond Diradorrian (collectively, the "Individual

**659802/2024   22NW FUND, L.P. vs. LIFECORE BIOMEDICAL, INC. ET AL**
**Motion No.  005**

**Page 2 of 4**

[* 2]

Defendants"), in support of their motion to dismiss the complaint (MOT SEQ 004). Specifically, these exhibits include each of the Individual Defendant's driver's licenses (NYSCEF Doc. Nos. 61, 66, 71, 76, 81, 86, and 91), and a utility bill of each Individual Defendant (NYSCEF Doc. Nos. 63, 68, 73, 78, 83, 88, 93). These exhibits include the Individual Defendant's personal information, including their home addresses and identification numbers for their driver's licenses and utility bills.

The court finds that there is good cause for these redactions to prevent the disclosure of sensitive personal information. See Randall Co. LLC v 281 Broadway Holdings LLC, 132 AD3d 452 (1st Dept. 2015); Soiefer v Soiefer, 17 AD3d 268 (1st Dept. 2005); Fochetta v Schlackman, 257 AD2d 546 (1st Dept. 1999). The defendants' claims of the need for confidentiality are not conclusory. The defendants have also filed redacted copies of the same utility bills (NYSCEF Doc. Nos. 60, 65, 70, 75, 80, 85, and 90) and driver's licenses (NYSCEF Doc. Nos. 62, 67, 72, 77, 82, 87, and 92) in support of MOT SEQ 004. Comparison of the redacted and unredacted versions show that the defendants' redactions are narrowly tailored to avoid disclosure of sensitive personal identifying information such as driver's license numbers and personal addresses, as required by court rules to be redacted prior to submission to the court pursuant to 22 NYCRR 202.5(e). The defendants also seek an order to seal future submissions containing or referencing the redacted portions of the above exhibits in any public filings with the court. This relief is also granted. Future submissions containing or referencing the above exhibits in any public filings with the court shall likewise be redacted to remove the Individual Defendant's personal information, including identification numbers and home addresses in compliance with 22 NYCRR 202.5(e).

Accordingly, it is

ORDERED that the plaintiff's motion to seal is granted, upon a finding of "good cause", as to NYSCEF Doc. Nos. 61, 63, 66, 68, 71, 73, 76, 78, 81, 83, 86, 88, 91, and 93, and it is further,

ORDERED that upon the Clerk of the Court of this order shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the "E-Filing" page on the court's website); and it is further,

**659802/2024   22NW FUND, L.P. vs. LIFECORE BIOMEDICAL, INC. ET AL**
**Motion No.  005**

**Page 3 of 4**

ORDERED that the Clerk of the Court is directed, upon service upon him of a copy of this order with notice of entry, to permanently seal to all parties except counsel, the court, and court personnel the documents e-filed at NYSCEF Doc. Nos. 61, 63, 66, 68, 71, 73, 76, 78, 81, 83, 86, 88, 91, and 93; and it is further,

ORDERED that, upon the letter filed by the defendants on April 3, 2025, the branch of the defendants' motion seeking to permanently seal NYSCEF Doc. Nos. 44, 49, and 51 is deemed withdrawn.

This constitutes the Decision and Order of the court.

NANCY M. BANNON, J.S.C.
HON. NANCY M. BANNON

**5/5/2025**
**DATE**

CHECK ONE:  ☐ CASE DISPOSED  ☒ NON-FINAL DISPOSITION

☐ GRANTED  ☐ DENIED  ☒ GRANTED IN PART  ☐ OTHER

APPLICATION:  ☐ SETTLE ORDER  ☐ SUBMIT ORDER

CHECK IF APPROPRIATE:  ☐ INCLUDES TRANSFER/REASSIGN  ☐ FIDUCIARY APPOINTMENT  ☐ REFERENCE

**659802/2024  22NW FUND, L.P. vs. LIFECORE BIOMEDICAL, INC. ET AL**
**Motion No.  005**

**Page 4 of 4**

[* 4]